UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re DUNMORE HOMES, INC.,

    Debtor,
_____/

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,

    Plaintiff,

    v.

SIDNEY B. DUNMORE, an individual; THOMAS ACEITUNO, in his capacity as the Chapter 7 Trustee of the Chapter 7 estate of DHI DEVELOPMENT aka Dunmore Homes, LLC, a California corporation; LEON SZLEZINGER, in his capacity as the Liquidation Trustee of the Liquidation Trust of DUNMORE HOMES, INC., a New York corporation; COMERICA BANK, a Texas State financial institution,

    Defendants,
_____/

AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS.
_____/

NO. CIV. 09-499 WBS

BK. NO. 08-20569
ADV. PRO. NO. 09-2030

MEMORANDUM AND ORDER RE: MOTION FOR WITHDRAWAL OF REFERENCE

----oo0oo----

1

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") filed a Complaint in the Chapter 11 bankruptcy proceeding of Dunmore Homes, Inc. ("Dunmore New York"), against defendants Dunmore New York, Sidney B. Dunmore ("Mr. Dunmore"), Dunmore Homes Inc. ("Dunmore California"), and Comerica Bank ("Comerica"), alleging that Travelers has a senior security interest in a $12.8 million tax refund owed to Mr. Dunmore. Comerica now moves to withdraw the reference of this adversarial action from the bankruptcy court and transfer the matter to this court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a).

I. Factual and Procedural Background

Mr. Dunmore was the owner and president of Dunmore California, a homebuilding company based in Roseville, California. (Comerica's Mot. Withdraw Ref. Ex. 1 ("Compl.") ¶¶ 3, 14.)[1] He filed an individual tax return with the Internal Revenue Service for the year 2007 and expected a tax refund in the amount of $12.8 million ("Tax Refund"). (Id. ¶ 10.) Mr. Dunmore then granted Dunmore California a security interest in the Tax Refund, which was subsequently transferred to Dunmore New York upon Dunmore New York's acquisition of all of Dunmore California's assets and liabilities. (See id. ¶¶ 32-57.) Dunmore New York later filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 8, 2007, in the U.S.

---

[1] On April 8, 2008, Dunmore California filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the U.S. Bankruptcy Code in a separate proceeding. (Compl. ¶ 3.) Defendant Thomas Aceituno is the Chapter 7 Trustee of Dunmore California. (Id.)

2

Bankruptcy Court for the Southern District of New York. (Id. ¶ 5.) That case was then transferred to the U.S. Bankruptcy Court for the Eastern District of California on January 14, 2008. (Id.)[2]

On January 16, 2009, Travelers filed a Complaint in Dunmore New York's Chapter 11 proceeding. (Id. at 1) Travelers alleges that it had provided surety bonds to Dunmore California and that, in return, Mr. Dunmore and Dunmore California granted Travelers a security interest in the Tax Refund. (Id. ¶¶ 14-31.) Although Travelers alleges that the transfer of Dunmore California's security interest to Dunmore New York was a fraudulent conveyance, it does not seek to avoid the transfer; rather, Travelers contends that its security interest in the Tax Refund is senior to any interest held by any other party. (See id. ¶¶ 32-66.) Travelers' Complaint also acknowledges that Comerica had previously issued a loan to Dunmore California that was guaranteed by Mr. Dunmore. (Id. ¶ 4.) Comerica obtained a writ of attachment in a California state court proceeding that directed the attachment of "any and all interests of Sidney B. Dunmore to a federal tax refund for tax year 2007" in the amount of $6.6 million. (Id.)

In response to Travelers' Complaint, Comerica filed counterclaims against Travelers and cross-claims against all other defendants on February 19, 2009. (Comerica's Mot. Withdraw Ref. Ex. 3.) Specifically, Comerica alleges a claim for

---

[2] Pursuant to the reoganization plan effective September 19, 2008, defendant Leon Szlezinger is the Liquidation Trustee of Dunmore New York. (Compl. ¶ 5.)

3

"avoidance of fraudulent transfer and satisfaction of claim" pursuant to California Civil Code section 3439, as well as a claim for "declaratory relief or a determination of the validity, priority, or extent of interests in property" pursuant to Federal Rule of Bankruptcy Procedure 7001, against Mr. Dunmore, Dunmore New York, Dunmore California, and Travelers. (Id. Ex. 3 at 12-14.) Comerica now moves to withdraw the reference of the adversarial action from the bankruptcy court and transfer the matter to this court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a).

II. Discussion

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 in response to the Supreme Court case Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), which held that the Bankruptcy Reform Act of 1978 "impermissibly shifted essential attributes of judicial power from the Article III district court to its non-Article III adjunct, the bankruptcy court." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). Under the 1984 law, district courts now have original jurisdiction over all cases arising under title 11 of the Bankruptcy Code, but may "'refer' bankruptcy cases to the bankruptcy judges for the district automatically. This authority [is] tempered, however, with a provision that the reference may or shall be withdrawn in certain situations." In re Casimiro, No. 07-1218, 2008 WL 4482851, at *1 (E.D. Cal. Sept. 29, 2008) (Ishii, J.) (quoting In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951 (7th Cir. 1996)). Pursuant to 28 U.S.C. § 157(d),

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Here, Comerica makes two arguments for the withdrawal of the reference of this adversarial action. First, citing the Supreme Court case <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), Comerica contends that withdrawal is required because it has a Seventh Amendment right to a jury for its fraudulent transfer claim and does not consent to a jury trial in the bankruptcy court. (Comerica's Mot. Withdraw 7-8); <u>see</u> 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial . . . with the express consent of all the parties."). Second, Comerica argues that even if withdrawal is not required, the court should exercise its discretion to withdraw the reference "for cause shown." (Comerica's Mot. Withdraw at 9-12 (quoting 28 U.S.C. § 157(d)).)

A. <u>Right to a Jury Trial</u>

<u>Granfinanciera</u> involved a debtor's action under 11 U.S.C. § 548 to recover certain "fraudulent transfers" made to two creditors. 492 U.S. at 36. Although the creditors requested a jury trial, the bankruptcy court denied the request and held a bench trial, resulting in a judgment for the debtor. <u>Id.</u> at 37. After both the district court and the Eleventh Circuit affirmed the decision, the Supreme Court granted certiorari to address the

5

"sole issue" of whether the Seventh Amendment conferred on the creditors "a right to a jury trial in the face of Congress' decision to allow a non-Article III tribunal to adjudicate the claims against them." Id. at 37, 50. The Court ultimately concluded that "the Seventh Amendment entitle[d] [the creditors] to the jury trial they requested," although the Court also expressly declined to decide "which court must preside over the jury trial to which [the creditors were] entitled." Id. at 65 n.19.

Citing Langenkamp v. Culp, 498 U.S. 42 (1990) (per curiam), several parties to this action assert that Comerica has waived any Seventh Amendment right to a jury trial by filing a proof of claim against the debtor in the bankruptcy proceeding. (See, e.g., Slezinger Prelim. Opp'n 3-5; Aceituno Opp'n 7-9.) In Langenkamp, a Chapter 11 trustee initiated adversarial proceedings against several creditors to recover alleged avoidable preference payments. 498 U.S. at 43. Some of these creditors had filed proofs of claim against the debtor, while other creditors had not. Id. The bankruptcy court conducted a bench trial for all of the creditors and found for the trustee, but the Tenth Circuit reversed the judgment, holding that all of the creditors were entitled to a jury trial. Id. at 43-44. After granting certiorari, the Supreme Court held that only the creditors which had not filed proofs of claim against the debtor had a right to a jury trial. Id. at 44-45. The Court explained,

> [B]y filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the

6

>     trustee, that action becomes part of the
>     claims-allowance process which is triable only in
>     equity. . . . As such, there is no Seventh Amendment
>     right to a jury trial.

Id.

Whether or not Comerica has a Seventh Amendment right to a jury trial in this adversarial proceeding, the court need not withdraw the reference at this time. As the Ninth Circuit recently pronounced in In re Healthcentral.com, "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." 504 F.3d 775, 787 (9th Cir. 2007) (citations omitted).

In Healthcentral, the Ninth Circuit invalidated a local rule of the District Court for the Northern District of California that provided, "If [a] Bankruptcy Judge determines that [a] demand was timely made and the party has a right to a jury trial . . . [the] reference of the proceeding shall be automatically withdrawn." Id. at 785 (citing N. Dist. Local R. Bank. P. 9015-2(b)). The Ninth Circuit concluded that the local rule conflicted with 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5001(a), which state that only the district court, rather than the bankruptcy court, may withdraw the reference upon the filing of a motion for withdrawal. Id.

To reach its holding, the Ninth Circuit determined that the Seventh Amendment did not require automatic withdrawal of the reference, and the court provided two justifications for this conclusion. Id. at 787. First, the court observed that

"allowing the bankruptcy court to retain jurisdiction over <u>pre-trial</u> matters, does not abridge a party's Seventh Amendment <u>right to a jury trial</u>." <u>Id.</u> The court explained, "even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment <u>right</u> to a jury trial, as these motions merely address whether trial is necessary at all." <u>Id.</u> (citing <u>Diamond Door Co. v. Lane-Stanton Lumber Co.</u>, 505 F.2d 1199, 1203 & n.6 (9th Cir. 1974)). Second, the court also found that "requiring that an action be immediately transferred to [the] district court simply because of a <u>jury trial right</u> would run counter to our bankruptcy system," a system that "promotes judicial economy and efficiency by making use of the bankruptcy courts unique knowledge of Title 11 and familiarity with the actions before them." <u>Id.</u> at 787-88. "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." <u>Id.</u> at 788.

Here, Comerica filed its motion for withdrawal of reference on February 19, 2009, which is the same day that it filed its counterclaims and cross-claims in this adversarial action. Some parties have filed their Answers to Comerica's counterclaims and cross-claims as recently as March 24, 2009, and Dunmore New York has yet to file any response. Clearly, this proceeding is in its earliest stages, and in light of the Ninth Circuit's decision in <u>Healthcentral</u>, Comerica's motion to withdraw the reference due to a putative Seventh Amendment right to a jury trial is premature.

Furthermore, although 28 U.S.C. § 157(d) mandates that

8

any motion for withdrawal of reference be "timely," this provision and the Ninth Circuit's decision in <u>Healthcentral</u> do not place Comerica in a "catch-22"; rather, in light of <u>Healthcentral</u>, a motion for withdrawal of reference to assert one's right to a jury trial would be timely as long as it is made "as promptly as possible" after the bankruptcy court has resolved all pre-trial matters. <u>See</u> <u>Decker v. Mendoza</u>, 08-4863, 2009 WL 528939, at *1 (N.D. Cal. Mar. 2, 2009). In any event, the court notes in this case that the filing of the instant motion will serve sufficiently to protect Comerica against any future claim that its request to withdraw should have been made at this stage of the proceeding.

    B.    <u>Permissive Withdrawal</u>

Although Comerica's assertion of its right to a jury trial is premature, this conclusion does not end the court's inquiry; where a withdrawal of reference is not required, a district court may still withdraw "any case or proceeding referred [to the bankruptcy court] . . . for cause shown." 28 U.S.C. § 157(d). To determine whether "cause" for withdrawal exists, a district court considers several factors, including "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." <u>Sec. Farms</u>, 124 F.3d at 1008 (citing <u>In re Orion Pictures Corp.</u>, 4 F.3d 1095, 1101 (2d Cir. 1993)). In this inquiry, the court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." <u>Orion</u>, 4 F.3d at 1101; <u>accord</u> <u>In re Daewoo Motor Am.</u>,

Inc., 302 B.R. 308, 311 (C.D. Cal. 2003).

In general, a claim is "core" if it "invokes a substantive right provided by title 11 or . . . by its nature, could arise only in the context of a bankruptcy case." In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (quoting In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)). In contrast, "non-core" claims "are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." Id. (citing In re Windsor Commc'ns Group, 75 B.R. 713, 721 (E.D. Pa. 1985)). Under 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."

Courts in the Third Circuit have held that, "in the context of a motion to withdraw the reference, . . . § 157(b)(3) requires the bankruptcy judge to make the initial determination of whether a proceeding is core or non-core." Thomason Auto Group, LLC v. China Am. Co-op. Auto., Inc., No. 08-3365, 2009 WL 512195, at *5 n.6 (D.N.J. Feb. 27, 2009); accord Certain Underwriters At Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009); see Travellers Int'l AG v. Robinson, 982 F.2d 96, 97-98 (3d Cir. 1992). After closer examination, however, this court agrees with certain district courts in the Ninth Circuit that the plain language of § 157(b)(3) simply describes "the scope of authority for bankruptcy courts under section 157 once federal jurisdiction is found to exist" and "does not prohibit the district court from determining

whether a proceeding is core or non-core where . . . there has been no prior determination." In re Don's Making Money, LLLP, No. 07-319, 2007 WL 1302748, at *4 (D. Ariz. May 1, 2007).

Nonetheless, several decisions from the Ninth Circuit Court of Appeals have interpreted § 157(b)(3) to express, at a minimum, a clear preference for the bankruptcy judge to initially determine whether a claim is properly characterized as core or non-core. See, e.g., In re Coupon Clearing Serv., Inc., 113 F.3d 1091, 1097 (9th Cir. 1997) ("The bankruptcy court makes the initial determination whether a case is a core proceeding or an otherwise related proceeding." (citing 28 U.S.C. § 157(b)(3))); In re Int'l Nutronics, Inc., 28 F.3d 965, 969 (9th Cir. 1994) ("We need not decide whether Robertson's antitrust claim would have qualified as a core proceeding, a determination to be made in the first instance by the bankruptcy court." (citing 28 U.S.C. § 157(b)(3))). Decisions from this district bolster this interpretation as well. See Williams v. Sanderson Cmtys., Inc., No. 07-2366, 2009 WL 728464, at *1 (E.D. Cal. Mar. 19, 2009) (Karlton, J.) ("[S]ection 157 requires that the determination of whether a matter is a core proceeding be performed by the bankruptcy judge . . . . When the bankruptcy court has not made that determination, remand to that court is appropriate.").

At this time, the bankruptcy court has yet to determine whether this adversarial proceeding is core or non-core. It also appears that the parties have varying views on the issue. Travelers agrees with Comerica that the proceeding is non-core (Travelers Opp'n 3 n.3), while Dunmore California contends that the proceeding is core (Aceituno Opp'n 5-7); Dunmore New York

provides that the matter is "[h]ypothetically" non-core (Szlezinger Prelim. Opp'n 10). Ultimately, because the bankruptcy court has been administering the underlying bankruptcy proceeding in this case since January 2008, permitting that court to first determine whether this adversarial proceeding is core or non-core would be solicitous not only of that court's "unique knowledge of Title 11," but also to its "familiarity with the action[]." In re Healthcentral.com, 504 F.3d at 787-88. Accordingly, the court will decline to exercise its discretion to permissively withdraw the reference until the bankruptcy court has had an opportunity to make an initial determination of whether the action is core or non-core. See Williams, 2009 WL 728464, at *2.

III. Conclusion

Although Comerica has submitted two grounds in favor of withdrawal of the reference of this adversarial action, the issues underlying these arguments are not fit for adjudication by this court at this time. Comerica's right to a withdrawal of the reference due to its putative Seventh Amendment right to a jury trial will not mature until after the bankruptcy court has resolved all pre-trial matters, and any permissive withdrawal should not be ordered until the bankruptcy court has had the opportunity to make an initial determination of whether the action is core or non-core.

///
///
///
///

12

IT IS THEREFORE ORDERED that Comerica's motion for
withdrawal of reference be, and the same hereby is, DENIED
without prejudice.

DATED: April 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE